### GOTTLIEB v. A. ENTEMANN, Inc.

(Supreme Court, Appellate Division, Second Department. May 9, 1913.)

DISCOVERY (§ 58*)—MODE OF DISCOVERY.

An order for examination of defendant's president before trial, had under Code Civ. Proc. §§ 870–886, providing for the granting of such orders upon affidavit, cannot be united in one proceeding with an order under Code Civ. Proc. §§ 803–809, relating to discovery upon petition; the proceedings being distinct.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 72; Dec. Dig. § 58.*]

Appeal from Special Term, Westchester County.

Action by Harry Gottlieb against A. Entemann, Incorporated. From an order denying defendant's motion to vacate and set aside

an order which required defendant to make discovery of a machine, and also required the president of defendant to submit to an examination before trial, defendant appeals.  Reversed.

Argued before BURR, THOMAS, CARR, RICH, and STAPLETON, JJ.

Michael J. Tierney, of New Rochelle, for appellant.

Thomas J. O'Neill, of New York City, for respondent.

STAPLETON, J.  The appeal is from an order denying a motion to vacate an order, obtained ex parte, which required the defendant to make discovery of a certain machine, and the appliances connected therewith, on which the plaintiff was working when he sustained his injury, and which also required the president and the foreman of the defendant to appear and submit to an examination before trial.  In other words, an application under article 4, title 6, of chapter 8 of the Code of Civil Procedure, relating to the discovery of books and papers, is united with an application under article 1, title 3, of chapter 9 of the Code of Civil Procedure, relating to depositions taken and to be used within the state.  The applications are upon the same papers and are disposed of in the same order.  A reading of the provisions of the Code clearly demonstrates the irregularity of the original order and the error of the order appealed from.  See Bloodgood v. Slayback, 62 App. Div. 315, 71 N. Y. Supp. 809; Matter of Thompson, 95 App. Div. 542, 89 N. Y. Supp. 4.

The learned counsel for the respondent, in his points, states that the appeal should be dismissed without costs, because the case has gone to trial since the appeal was taken.  There is nothing in the record before us which would warrant such a disposition of this appeal.

Order reversed, with $10 costs and disbursements, and motion granted, with costs.  All concur.